**Raymond EVANS, Plaintiff,**

v.

**Liberty CASH, Superintendent, Mississippi State Penitentiary, etc., Defendant.**

**No. GC 76–95–S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Jan. 19, 1977.

Maudine G. Eckford, North Miss. Rural Legal Services, Greenwood, Miss., for plaintiff.

P. Roger Googe, Jr., Asst. Atty. Gen. of Miss., Jackson, Miss., Pascal J. Townsend, Jr., Townsend, McWilliams & Holladay, Drew, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiff Raymond Evans (Evans) is an inmate in the Mississippi State Penitentiary at Parchman, Mississippi. Evans filed this Section 1983 action [1] July 2, 1976, to redress an alleged deprivation under color of state law of rights secured by the Constitution of the United States. Jurisdiction is said to be grounded on 28 U.S.C. § 1343. The complaint seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

The defendant, Liberty Cash (Cash), at the time of the filing of the complaint was the Superintendent of the Mississippi State Penitentiary and Chairman of its Classification Committee. The record does not reflect the fact, but the court knows from information available to the general public, that Cash does not now occupy either position. In the light of the issue now before the court, the change in the status of Cash is not material.

Evans alleges that he will be eligible for parole sometime in 1980; that on August 9, 1975, he was classified a "B" (or minimum custody) prisoner and transferred to Camp One; that prior to that time he had been housed at Camp 6 (Maximum custody) and was working as a cook in the Vocational School Kitchen; that after the change he continued to work at the vocational school and for 7½ months was a model prisoner.

The complaint alleges that while housed at Camp One, Evans enjoyed a general relaxation on personal behavior; that on March 26, 1976, while enroute to work, he

---

1. 42 U.S.C. § 1983.

walked out of his way to the Front Camp, another housing unit on the grounds of the penitentiary; that this practice was not openly sanctioned by the administration, but was not a posted regulation; that he was observed at the Front Camp by the Camp Sargent of Camp One; that the Sargent thereafter charged him with a rules violation.

Evans complains of the manner in which the rules violation was handled by prison authorities and especially by Cash, then the Superintendent of the Penitentiary and Chairman of the Classification Committee. Evans charges that he was reduced to a "C" classification, and that his reclassification was unusual, in that others who had been charged with similar infractions were rarely reclassified in such manner.

Evans claims that he was denied due process in the handling of the charge against him; that the recision of his security status has caused him grievous loss; and that he was denied equal protection in the punishment imposed upon him.

Evans seeks a declaratory judgment that his constitutional rights have been violated; reinstatement to his previous job assignment and trusty status; reimbursement for loss of good time at the rate of $20.00 a day for each day of good time lost because of action taken in his case; costs of the suit, and injunctive relief.

Defendant Cash has filed a motion for summary judgment. In support of the motion, Cash has submitted the affidavit of B. C. Ruth, Director of Records at the penitentiary. Evans has not filed any opposing affidavits. Mr. Ruth states that penitentiary records reflect that Evans was placed in Class II by the classification committee on July 1, 1975, earning 20 days per month from that date; that as of the date of the affidavit, August 10, 1976, Evans was still in Class II; that for the period beginning July 1, 1975, and ending June 30, 1976, Evans has been allowed credit for 240 days earned time; that Evans has never been promoted to Class I and could not have suffered any loss of earned time due to reduction in class. Since Evans does not refute these facts they must be taken as true.

Counsel for Evans admits in her memorandum that Evans did not lose good time as a result of disciplinary action of the trial council, but asserts that the loss of the good time of which he complains is the good time which he has not earned but which he would have earned had he been given due process to begin with. Counsel cites in support of this proposition, the case of *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Defendant relies upon two recent Supreme Court cases, *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) and *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) to support his contention that the action taken by those in charge of the penitentiary involved only ordinary administrative decisions which do not give rise to a cause of action under Section 1983.

The court agrees that the peculiar facts in the action sub judice bring it within the rules announced by the Supreme Court in *Meachum* and *Montanye.* The following excerpt from the *Meachum* opinion illustrates the situation which we have in the action sub judice. In *Meachum,* Mr. Justice White said:

> Holding that arrangements like this are within reach of the procedural protections of the Due Process Clause would place the Clause astride the day-to-day functioning of state prisons and involve the judiciary in issues and discretionary decisions that are not the business of federal judges. We decline to so interpret and apply the Due Process Clause. The federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States.

At 228, 96 S.Ct. at 2540, 49 L.Ed.2d at 461.

In *Meachum* the court quoting from *Wolff, supra,* observed that "the liberty interest there identified did not originate in the Constitution, which 'itself does not guarantee good-time credit for satisfactory behavior while in prison'" but was of state

origin. The court continued: "The liberty interest protected in *Wolff* had its roots in state law, and the minimum procedures appropriate under the circumstances were held required by the Due Process Clause 'to insure that the state-created right is not arbitrarily abrogated.'" At 226, 96 S.Ct. at 2539, 49 L.Ed.2d at 460.

The court concludes that the action sub judice is controlled by *Meachum and Montanye* and not by *Wolff.* The court finds that the pleadings and admissions on file together with the affidavit of B. C. Ruth show that there is no genuine issue as to any material fact and that defendant Cash is entitled to a judgment as a matter of law.

The proposed order will be entered by the court.